JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

ALEX AND SARA COHEN (h/w)

**(b)** County of Residence of First Listed Plaintiff Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Judge Gene D. Cohen(Horn Williamson LLC)
Two Penn Center, 1500 JFK Blvd., Suite 1700, Phila., PA
19102 (215) 987-3800; gcohen@hornwilliamson.com

**DEFENDANTS**

WE BUILD FOUNDATIONS, LLC and UTICA FIRST INSURANCE COMPANY

County of Residence of First Listed Defendant Oneida County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Steven J. Schildt, Esquire (Post & Schell, P.C.)
Three Logan Square, 1717 Arch Street, 24th Floor
Phila., PA 19103 (215) 587-1089; sschildt@postschell.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 USC 1332

Brief description of cause:
Insurance breach of contract action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $275,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE N/A DOCKET NUMBER

DATE
Feb 13, 2024

SIGNATURE OF ATTORNEY OF RECORD
Steve Schildt

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

05/2023

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1714 Christian Street, Philadelphia, PA

Address of Defendant: 5987 Airport Road, Oriskany, NY 13424

Place of Accident, Incident or Transaction: 1714 Christian Street, Philadelphia, PA

***RELATED CASE IF ANY:***

Case Number: ______ Judge: ______ Date Terminated ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: ______ [signature] ______ 79011

*Attorney-at-Law (Must sign above)* *Attorney I.D. # (if applicable)*

**Civil (Place a √ in one category only)**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. All Other Federal Question Cases. *(Please specify)*: ______

**B.** ***Diversity Jurisdiction Cases:***

- ☒ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*): ______
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* ______

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Steven J. Schildt, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: February 13, 2024 [signature] 79011

*Attorney-at-Law (Sign here if applicable)* *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**POST & SCHELL, P.C.**
STEVEN J. SCHILDT, ESQ. (ID #79011)
THREE LOGAN SQUARE
1717 ARCH STREET, 24TH FLOOR
PHILADELPHIA, PA 19103
PHONE: 215-587-1089
E-MAIL: sschildt@postschell.com

Attorneys for Defendant Utica First Insurance Company

| | |
|---|---|
| ALEX AND SARA COHEN (H/W)<br>Plaintiff<br>v.<br><br>WE BUILD FOUNDATIONS, LLC, and<br>UTICA FIRST INSURANCE COMPANY<br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>DOCKET NO. 210302507<br><br>**NOTICE OF REMOVAL OF DEFENDANT UTICA FIRST INSURANCE COMPANY** |

TO: All parties and Philadelphia County Prothonotary

Defendant Utica First Insurance Company has filed a Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441 et seq. The above-captioned case qualifies for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, the parties are of diverse citizenship and the amount in controversy as alleged in the action is more than $75,000. Defendant has also filed a copy of plaintiffs' Garnishment / Writ of Execution documents in the U.S. District Court for the Eastern District of Pennsylvania.

**POST & SCHELL, P.C.**

BY: [signature]
**STEVEN J. SCHILDT, ESQ.**
Attorney for Defendant Utica First

**DATE: 2/13/24**

26961037v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALEX AND SARA COHEN (H/W)** | ) | |
| **Plaintiff** | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **NO.** |
| **WE BUILD FOUNDATIONS, LLC, and** | ) | |
| **UTICA FIRST INSURANCE COMPANNY** | ) | |
| **Defendants** | ) | |

**<u>NOTICE OF REMOVAL BY DEFENDANT UTICA FIRST INSURANCE COMPANY</u>**

1. This is a garnishment / writ of execution action being removed as a separate and distinct civil action. After reviewing the relevant case law, an essentially identical case was held to be removeable in <u>Scanlin v. Utica First Ins. Co.</u>, 426 F. Supp.2d 243 (M.D. Pa. 2006). Notably, "[i]nsurance coverage issues may be litigated in a garnishment action." <u>Id.</u> at 247.

2. The garnishment / writ of execution documents were served on defendant Utica First Insurance Company ("Utica") on January 25, 2024. Said documents are attached hereto, along with the assignment documents.

3. Said documents teach that in the underlying tort action a consent judgment was entered against defendant Utica's insured, We Build Foundations, LLC ("We Build"), in the amount of $275,000. In exchange, plaintiffs agreed to not seek any recovery against We Build and to only seek recovery of the $275,000 against defendant Utica. We Build in turn assigned its rights to seek indemnity coverage under its Utica policy to plaintiffs.

4. This Court's jurisdiction over this matter is based upon diversity of citizenship under 28 U.S.C. § 1332.

5. Plaintiffs are both citizens of Pennsylvania.

6. Defendant Utica is a New York corporation with its principal place of business located in Oriskany, NY.

7. As to co-defendant We Build, plaintiffs are not seeking the recovery of any monies from it. Thus, it is a nominal party and its citizenship is disregarded for diversity purposes. Bumberger v. Insurance Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. Nominal parties are generally those without a real interest in the litigation.")

8. If, however, co-defendant We Build is deemed to be an interested and non-nominal party. Removal is still proper. First, per the state court docket, to date We Build has not been served with the garnishment / writ of execution documents. Thus, their written removal consent is not required. See, e.g., Wausau Ins. Cos. v. Liguori, 2006 U.S. Dist. LEXIS 64392, *11 (September 7, 2006) (noting that one of the exceptions to the rule of unanimity is "when a defendant had not been served when the removing defendants filed their notice of removal.").

9. As to its citizenship, We Build is a limited liability company (LLC). Limited liability companies have a special citizenship rule. Specifically, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). LLC "members" are also called "owners." Pursuant to the eased pleading requirements regarding the citizenship of LLCs, defendant Utica has been unable to identify (via the internet, LEXIS public records, and the underlying case pleadings) any members/owners of We Build that are also a citizen of Pennsylvania (plaintiffs' citizenship), thereby eliminating complete diversity. This is sufficient specificity to support a diversity removal involving an LLC entity. Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99 (3d Cir. 2015).

10. Thus, we have Pennsylvania versus New York, which is complete diversity for this separate and distinct garnishment / writ of execution action in which a sum certain of $275,000 is being sought.

11. Accordingly, this action satisfies diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because, as set forth above, all parties are of diverse citizenship and the amount in controversy as alleged in plaintiff's complaint is in excess of $75,000.

12. This Notice of Removal has been filed within 30 days of Utica's receipt on January 25, 2024, of the garnishment / writ of execution documents filed on January 18, 2024. Thus, this removal is timely under 28 U.S.C. § 1446.

13. Pursuant to 28 U.S.C. § 1446(d), Utica is contemporaneously filing a copy of this Notice of Removal with the Clerk of Court for the Philadelphia County Court of Common Pleas, in order to effect removal of this action.

**POST & SCHELL, P.C.**

**BY:** [signature]

**STEVEN J. SCHILDT, ESQ.**
Attorney for Defendant Utica
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Phone: 215-587-1089
E-mail: sschildt@postschell.com

**DATE: 2/13/24**

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that the attached removal package has been emailed and filed electronically this day to the following persons:

Judge Gene D. Cohen (retired) at gcohen@hornwilliamson.com (counsel for plaintiffs)

Philadelphia County Court of Common Pleas (via electronic filing)

**POST & SCHELL, P.C.**

**BY:** [signature]

**STEVEN J. SCHILDT, ESQ.**
Attorney for Defendant Utica
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
Phone: 215-587-1089
E-mail: sschildt@postschell.com

**DATE: 2/13/24**

HORN WILLIAMSON

**Judge Gene D. Cohen (Ret.)**
*Inside General Counsel*

October 12, 2023

**Via Email (dmatika@uticafirst.com)**
David Matika, CPCU, AIC, SCLA
Sr. Claims Examiner
Utica First Insurance Company
P.O. Box 851
Utica, NY 13503-0851
800- 456-4556, Ext 3208

**Re: Demand for Indemnity Prior to Garnishment for Judgment Creditor**
***Alex and Sara Cohen v. We Build Foundations, LLC*** **(Insured),**
**Philadelphia Court of Common Pleas, First Judicial District of Pennsylvania,**
**Case No. 210302507**
**Claim No. 583041**

Dear Mr. Matika

We represent Alex and Sara Cohen, Plaintiffs, in a claim against We Build Foundations, LLC ("We Build"), your insured under Contractors Special Policy Number 514813500. Judgment in this case was entered on October 10, 2023, in favor of Alex and Sara Cohen against We Build in the amount of $275,000. (a copy of which is attached).

The judgment was entered pursuant to an agreement entered into by your insured and his Utica First appointed lawyer Robert Billet, Esquire. It was entered into only after Utica First informed counsel and the Court it would not indemnify We Build for its liability in the ongoing litigation. A trial was imminent.

Rather than being exposed to a damaging verdict with possible punitive damages and other consequences We Build assigned all its claims against Utica First Insurance for indemnity, contract, and bad faith to the plaintiffs.

A Contractors Special Policy issued to an excavation company which contains exclusions for excavation work at first seemed incongruent with the purpose of such a policy. A reasonable reading of the policy reveals that such exclusions only apply to damage to property over which the insured has care, custody, and control ("Subject Property"). The exclusion does not apply to your insured's negligence that caused damage to adjacent property over which the insured does not have care, custody, or control. As generally contractors are not insured for damage to a Subject Property caused by poor workmanship in the conduct of their business.

**Horn Williamson, LLC**
*Attorneys at Law*
2 Penn Center | Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19102
tel 215-987-3800
www.hornwilliamson.com

HORN WILLIAMSON



As the judgment creditor with a valid and enforceable judgment, demand is made on Utica First Insurance Company to satisfy the judgment. Plaintiffs have the right to seek satisfaction through various means, including but not limited to garnishment. Before proceeding with garnishment, Plaintiffs make formal demand.

Please consider this letter and demand a notice to pursue garnishment unless your company resolves this claim within thirty (30) days from the date of this letter.

Thank you for your attention to this important matter. You may communicate with me directly. I look forward to receiving your prompt response.

Very truly yours,

HORN WILLIAMSON, LLC

/s/ Gene D. Cohen

Gene D. Cohen

GDC/vlb
Enclosure

cc: Mathew H. Dempsey, Esquire
Robert Billet, Esquire
rbillet@billetlaw.com

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| ALEX COHEN, et al. *Plaintiffs,* | : | |
| v. | : | |
| JASON CUTAIAR, et al. *Defendants.* | : | March Term 2021 |
| v. | : | Case No. 210302507 |
| | : | Control No. 23092928 |
| WE BUILD FOUDNATIONS, LLC *Additional Defendant.* | : | |

**ORDER**

**AND NOW**, this **10th** day of **October 2023**, upon consideration of Plaintiffs' Motion to Enter Judgment by Stipulation of the Parties, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

It is further **ORDERED** that Judgment is entered in favor of Plaintiffs, Alex and Sara Cohen, against additional defendant We Build Foundations LLC, in the amount of $275,000.000.

BY THE COURT:

Denis P. Cohen

DENIS P. COHEN, J.

210302507-Cohen Etal Vs Cutaiar Etal

21030250700154

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) F. HEWITT 10/10/2023

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

| | | |
|---|---|---|
| ALEX COHEN and SARA COHEN, h/w<br><br>v.<br><br>JASON CUTAIAR, 7001 LLC, M99 LLC, BLUEBIRD LENDING LLC, MADE CONSTRUCTION, LLC, ARNOLD R. LIGUORI, and A&C ENVIRONMENTAL SERVICES, INC.<br><br>v.<br><br>WE BUILD FOUNDATIONS, LLC | : | MARCH TERM 2021<br>NO. 02507<br><br>CIVIL ACTION |

**SETTLEMENT AGREEMENT, ASSIGNMENT OF RIGHTS,**
**AND STIPULATION FOR ENTRY OF JUDGMENT**

This agreement made this 4th day of September 2023, by and between Plaintiffs Alex and Sara Cohen and additional defendant We Build Foundations LLC (Defendant) sets forth the following:

WHEREAS, at all times relevant Plaintiffs were owners and residents of premises 1714 Christian Street, Philadelphia, Pennsylvania; and

WHEREAS, Defendant is a limited liability company and an excavation contractor; and

WHEREAS, pursuant to a subcontract from a general contractor Defendant was conducting excavation activity on premises 1714 Christian Street, Philadelphia, Pennsylvania; and

WHEREAS, during the course of Defendant's contractual activity, and as a proximate cause thereof, the party wall of Plaintiffs' property and of Plaintiffs' residence was severely damaged forcing Plaintiffs to immediately leave the premises because of an imminent collapse and remain in temporary housing for over a year; and

WHEREAS, Plaintiffs brought suit against the above-named parties and Defendant was brought into the suit by the general contractor; and

WHEREAS, Plaintiffs settled the suit against the other parties which assigned any claims they may have had against Defendant, leaving Defendant the only remaining defendant against which Plaintiffs still have outstanding claims; and

WHEREAS, Defendant is, at all times relevant, insured by Utica First Insurance Company with a Contractors Special Policy, number 514813500, from which Defendant requested a defense and indemnity and which said insurance company gave notice to Defendant and its attorney that it would not provide indemnity to Defendant for the claims which had been asserted against it; and

WHEREAS, Defendant believes it is fully insured for the claims asserted and the refusal to indemnify is a violation of the contract of insurance it has with the insurance company and is wrongful; and.

WHEREAS, Defendant acknowledges it has serious exposure to a jury award of damages in excess of its insurance policy limits as well as a possible jury award of punitive damages which would expose the personal assets of Defendant and its owner to execution, and

WHEREAS, Plaintiffs have offered conditions for a settlement of $275,000.00 instead of pursuing a jury award and exposing Defendant to punitive damages and collateral damage to is business, and

WHEREAS, Defendant and its attorney believe a settlement of $275,000.00 and relief from other damages is reasonable resolution of Plaintiffs' claim,

IT IS NOW AGREED AS FOLLOWS:

1. We Build Foundations, LLC, agrees to a stipulated entry of judgment for the reasonable amount of $275,00.00 as recommended by the Judge Pro Tempore and withdraws its crossclaims. Other defendants have already assigned their claims against We Build Foundations, LLC, to plaintiffs.

2. We Build Foundations, LLC, agrees: (A) to assign Plaintiffs its rights and claims it may have against the Utica First Insurance Company and the insurance broker/agent, including, but not limited to, for insurance coverage, insurance garnishment, bad faith, breach of contract, negligence, indemnification, interest, attorneys' fees, punitive damages, and errors and omissions; and (B) to cooperate with plaintiffs in pursuing those rights and claims against the Utica First Insurance Company and the insurance broker/agent.

3. Plaintiffs Alex and Sara Cohen agree to give up and withdraw all claims for punitive damages against We Build Foundations, LLC, including, but not limited to, for violation of the Philadelphia Code among other claims, and will dismiss those claims from Cohen v. Cutaiar, et al., Court of Common Pleas, Philadelphia County, March Term 2021, No. 02507.

4. Plaintiffs Alex and Sara Cohen agree not to pursue, by way of execution, subsequent action, or otherwise, any assets of We Build Foundations, LLC, including, but not

limited to, with regard to their own claims and claims of any other defendants in Cohen v. Cutaiar, supra, against We Build Foundations, LLC, from which plaintiffs were assigned claims as set forth in paragraph 1.

5. Plaintiffs Alex and Sara Cohn agree not to pursue, by way of execution, subsequent action, or otherwise, any personal assets of Aggabo Silva on any basis or under any theory, including, but not limited to, through a piercing of the corporate veil or joint enterprise theory, including, but not limited to, with regard to their own claims and claims of any other defendants in Cohen v. Cutaiar, supra, against We Build Foundations, LLC, from which plaintiffs were assigned claims as set forth in paragraph 1.

6. Plaintiffs Alex and Sara Cohen agree not to pursue, by way of execution, subsequent action, or otherwise, any assets of We Build Foundations, LLC, or Aggabo Silva as set forth in paragraphs 4 and 5, supra, even if Plaintiffs are not successful in recovering from the Utica First Insurance Company or the insurance broker.

7. Plaintiffs Alex and Sara Cohen agree not to assign back to the other defendants identified in paragraph 1 those claims that were assigned to Plaintiffs against We Build Foundations, LLC.

8. With the judgment (paragraph 1) and assignment (paragraph 2), plaintiffs Alex and Sara Cohen agree to only pursue the Utica First Insurance Company and its assets, and the insurance broker/agent and its assets, and/or their agents by way garnishment or otherwise.

9. Plaintiffs will not seek to revoke any licensure of We Build Foundations, LLC, or Aggabo Silva.

10. If and when plaintiffs Alex and Sara Cohen conclude actions and proceedings against the Utica First Insurance Company and the insurance broker/agent, whether they succeed in recovering or not, they will mark the judgment against We Build Foundations, LLC, in Cohen v. Cutaiar, et al., Court of Common Pleas, Philadelphia County, March Term 2021, No. 02507, as satisfied, and will close the court docket in that case.

HORN WILLIAMSON, LLC

GENE D. COHEN, ESQUIRE
MATTHEW H. DEMPSEY, ESQUIRE
Attorneys for plaintiffs Alex and Sara Cohen

BILLET & ASSOCIATES, LLC

ROBERT DOUGLAS BILLET, ESQUIRE
Attorneys for defendant We Build Foundations, LLC

WE BUILD FOUNDATIONS, LLC

MANAGING MEMBER

ALEX COHEN

SARA COHEN

WE BUILD FOUNDATIONS, LLC

MANAGING MEMBER

ALEX COHEN

SARA COHEN

Money Judgment

Commonwealth of Pennsylvania
COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
18 JAN 2024 10:48 am
G. IMPERATO

Alex and Sara Cohen : Court of Common Pleas

vs. : March Term, 20 21

: No. 02507

Jason Cutaiar, et al. :

# Praecipe for Writ of Execution

*(applicable to real estate and personal property)*

TO THE OFFICE OF JUDICIAL RECORDS:

Issue writ of execution in the above matter, directed to the Office of Judgment Enforcement;

(1) against We Build Foundations, LLC
1420 Glenview Street, Philadelphia, PA 19111
defendant(s) and

(2) against UTICA First Insurance Company
5981 Airport Road, Oriskany, NY 13424
garnishee(s)

(3) AMOUNT DUE $275,000

INTEREST
from________________ $__________

(Costs to be added) $__________

/s/ Matthew H. Dempsey, Esquire
*Attorney(s) for Plaintiff(s)*

*(applicable to real estate only)*
Rule 3104(a)

TO THE OFFICE OF JUDICIAL RECORDS:

(4) Index this writ against ______________________________________________

______________________________________________________

______________________________________________________ defendant(s)

______________________________
*Attorney(s) for Plaintiff(s)*

*(applicable to real estate only)*
Rule 3104(a)

TO THE OFFICE OF JUDICIAL RECORDS:

(5) Index this writ against ______________________________________________

______________________________________________________

______________________________________________________ as garnishee(s)

as a lis pendens against real property of the defendant(s) in name of garnishee(s) as follows:

*(specifically describe property)*

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________
*Attorney(s) for Plaintiff(s)*

Money Judgment

# Commonwealth of Pennsylvania
COUNTY OF PHILADELPHIA

Alex and Sara Cohen
*Plaintiff*

vs.

Jason Cutaiar, et al.
*Defendant*

COURT OF COMMON PLEAS

March TERM, 2021

NO. 02507

## Writ of Execution

TO THE SHERIFF OF PHILADELPHIA COUNTY:

To satisfy the judgment, interest and costs against:
We Build Foundations, LLC,
1420 Glenview Street, Philadelphia, PA 19111
defendant(s)

(a) You are directed to levy upon the property of the defendant(s) and to sell defendant's(s') interest therein:

(b) You are also directed to attach the property of the defendant(s) not levied upon in the possession of
UTICA First Insurance Company
5981 Airport Road, Oriskany, NY 13424
as garnishee(s)

*(specifically describe property)*

10-225 (Rev. 8/2014)

Case ID: 210302507

and to notify the garnishee(s) that:

(a) an attachment has been issued:______________________________________

(b) except as provided in paragraph (c), the garnishee is enjoined from paying any debt to or for the account of the defendant and from delivering any property of the defendant or otherwise disposing thereof;

(c) the attachment shall not include______________________________________

(i) the first $10,000 of each account of the defendant with a bank or other financial institution containing any funds which are deposited electronically on a recurring basis and are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law.

(ii) each account of the defendant with a bank or other financial institution in which funds on deposit exceed $10,000 at any time if all funds are deposited electronically on a recurring basis and are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law.

(iii) any funds in an account of the defendant with a bank or other financial institution that total $300.00 or less. If multiple accounts are attached, a total of $300.00 in all accounts shall not be subject to levy and attachment as determined by the executing officer. The funds shall be set aside pursuant to the defendant's general exemption provided in 42 Pa.C.S. § 8123.

(d) if property of the defendant not levied upon and subject to attachment is found in the possession of anyone other than a named garnishee, you are directed to notify such other person that he or she has been added as a garnishee and is enjoined as above stated.

AMOUNT DUE $275,000

INTEREST from________ $________________

(Costs to be added) $________________

ERIC FEDER
Director, Office of Judicial Records

By:________________________________
Clerk

Date:________________________________

PROTHONOTARY FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
210302507
18 JAN 2024 10:48 am
G. IMPERATO

## Court of Common Pleas

March Term, 20 21

No. 02507

Alex and Sara Cohen
*Plaintiff*

*vs.*

Jason Cutaiar, et al.
*Defendant*

## Writ of Execution

| | |
|---|---|
| Real Debt | $275,000 |
| Interest *from*________ | $________ |
| Costs Paid: *Office of Judicial Records* | $________ |
| *Sheriff* | $________ |
| *Statutory* | $________ |
| Costs due: Office of Judicial Records | $________ |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

| | | |
|---|---|---|
| Alex and Sara Cohen | : | March Term, 2021 |
| v. | : | No. 02507 |
| Jason Cutaiar, et al. | : | |

# Writ of Execution Notice

This paper is a Writ of Execution. It has been issued because there is a judgment against you. It may cause your property to be held or taken to pay the judgment. You may have legal rights to prevent your property from being taken. if you wish to exercise your rights, you must act promptly.

***Exempt Property.*** The law provides that certain property cannot be taken. Such property is said to be exempt. There is a debtor's exemption of $300.00. There are other exemptions which may be applicable to you. Attached is a summary of some of the major exemptions. You may have other exemptions or other rights.

If you have an examption, you should do the following promptly: (1) fill out the attached exemption claim form and demand for a prompt hearing; (2) deliver the form or mail it to the Sheriff's Office at the address noted.

You should come to court ready to explain your exemption. If you do not come to court and prove your exemption, you may lose some of your property.

***Property Belonging to Another Person.*** If there is property at your residence (or in your bank account) that belongs to another person or that you own with another person, you should notify that person so that he/she can file a Property Claim or other legal papers with the Sheriff's Office to prevent his/her property from being taken or sold at Sheriff's Sale to satisfy your debt. See enclosed forms.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
Telephone: 215-238-1701

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, PA 19107
Telefono: 215-238-1701

**HORN WILLIAMSON LLC**
By: Gene D. Cohen, Esquire
Matthew H. Dempsey, Esquire
Identification. No(s). 9935/312392
Two Penn Center
1500 JFK Boulevard | Suite 1700
Philadelphia, PA 19102
Tel.: (215) 987-3800
gcohen@hornwilliamson.com
mdempsey@hornwilliamson.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ALEX COHEN AND<br>SARA COHEN, h/w<br><br>Plaintiffs,<br><br>v.<br><br>JASON CUTAIAR, et al.<br><br>v.<br><br>WE BUILD FOUNDATIONS, LLC<br><br>Defendants.<br><br>v.<br><br>UTICA First Insurance Company<br>5981 Airport Road<br>Oriskany, NY 13424<br><br>Garnishee. | COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>CIVIL ACTION<br><br>MARCH TERM, 2021<br><br>NO.: 02507 |

**JUDGMENT CREDITORS' ALEX AND SARA COHEN'S INTERROGATORIES IN ATTACHMENT TO GARNISHEE UTICA FIRST INSURANCE COMPANY**

To: Secretary, Legal Department
UTICA First Insurance Company
5981 Airport Road
Oriskany, NY 13424

You are required to file answers to the following interrogatories within twenty (20) days after service upon you. Failure to do so may result in a judgment against you.

Interrogatory 1: Please provide a detailed explanation of Contractors Special Policy Number 514813500 (hereinafter, "the insurance policy") under which the Insured, We Build Foundations LLC made a claim for indemnification.

Interrogatory 2: What specific provisions in the insurance policy are alleged to have been breached or violated resulting in the failure to indemnify the Insured for the third-party claim?

Interrogatory 3: When was the Insured's claim for indemnification first submitted to your company?

Interrogatory 4: Please provide a detailed chronology of all communications, including emails, letters, and notes, between your company and the Insured regarding the third-party claim and the alleged failure to indemnify.

Interrogatory 5: Who within your company was responsible for handling the Insured's claim for indemnification, and what was their role or position?

Interrogatory 6: Please provide a copy of any documents, reports, memos, or correspondence that support your decision to deny the Insured's claim for indemnification.

Interrogatory 7: What is the basis for your refusal to indemnify the Insured for the third-party claim? Please explain in detail the reasons for denying the claim.

Interrogatory 8: Have any lawsuits or other legal actions been initiated against your company by the Insured or any other insureds who have made similar claims for indemnification? If so, please provide details.

Interrogatory 9: Please identify any witnesses or individuals within your company who have knowledge of the Insured's claim for indemnification and the reasons for denying the claim.

Interrogatory 10: What efforts, if any, have been made by your company to rectify or resolve the alleged failure to indemnify the Insured and provide appropriate coverage?

Dated: January 12, 2024

HORN WILLIAMSON, LLC

/s/ Matthew H. Dempsey
Gene D. Cohen, Esq.
Matthew H. Dempsey, Esq.
Attorneys for Plaintiffs